**FILED**

2006 Sep-18  PM 02:41
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GREGORY RUSSELL, et al.,          ]
                                  ]
    Plaintiffs,              ]
                                  ]
    vs.                      ]   CV-06-CO-01376-S
                                  ]
CITY OF HOOVER, et al.,           ]
                                  ]
    Defendants.              ]

MEMORANDUM OF OPINION & ORDER

The Court has for consideration Defendants' motion to dismiss and/or strike portions of Plaintiffs' Complaint.  (Doc. 10.)  Plaintiffs Gregory and Ramona Russell have sued Rickey Williams, Jehad Al Dakka, and the City of Hoover ("Hoover") for violations of their Fourth and Fifth Amendment rights pursuant to 42 U.S.C. § 1983 ("§ 1983"), as well as violations of Alabama state law.  (Doc. 1.)  In their motion to dismiss, Defendants argue: (1) Plaintiffs' official capacity claims against Mr. Williams and Mr. Al Dakka should be dismissed as redundant of Plaintiffs' claims against the City of Hoover; (2) Count X is due to be dismissed as redundant of Count III; and (3) paragraph 26 should be stricken as irrelevant and inadmissible.  (Doc. 10.)

The issues raised in Defendants' motion have been fully briefed and are ripe for decision.  Upon due consideration and for the reasons stated herein, Defendants' motion to dismiss and or/strike will be granted in part and deemed moot in part.

I.      Official Capacity Claims.

        Defendants contend that the § 1983 claims against Mr. Williams and Mr. Al Dakka in their official capacities are due to be dismissed as redundant of Plaintiffs' § 1983 claims against the City of Hoover.  "[S]uits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent."  *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).  Because Plaintiffs have sued the City of Hoover directly, "there no longer exists a need to bring official-capacity actions against [the] local government officials."  *Id*.  Therefore, Plaintiffs' § 1983 official-capacity claims against Mr. Williams and Mr. Al Dakka will be dismissed.

II.     Count X.

        Because Plaintiffs stipulate in their response submission that Count X is redundant and due to be stricken (Doc. 14 ¶ 9), Count X will be stricken.

2

III.   Paragraph 26.

Lastly, Defendants allege that Paragraph 26 of Plaintiffs' Complaint should be stricken because it is irrelevant and inadmissible.  (Doc. 10 ¶ 3.) Defendants quote a paragraph in Plaintiffs' "First Complaint for Relief," which has not yet been properly filed with this Court as an amended complaint.[1]  (Doc. 13 at 5.)  Because the disputed Paragraph 26 is not included in the Complaint that is before the Court at this time, this argument is moot.[2]

IV.   Conclusion.

For the reasons stated above, Defendants' motion to dismiss and/or strike is GRANTED in part, and deemed MOOT in part.  Plaintiffs' § 1983 official-capacity claims against Mr. Williams and Mr. Al Dakka are DISMISSED

---

[1] On August 2, 2006, this Court granted Plaintiffs' August 1st motion to amend their complaint.  However, according to the "Administrative Procedures for Filing, Signing, and Verifying Pleadings and Documents in the District Court Under the Case Management/Electronic Case Files (CM/ECF) System in the United States District Court for the Northern District of Alabama, which was adopted by this Court in General Order 04-0001, when a motion for leave to file an amended complaint is granted, the "attorney must file electronically an exact duplicate of the proposed document."  (Procedures Manual at II.E.4.)  Plaintiffs' counsel has not complied with this procedure.  (*See* Docket.)

[2] The Court notes, however, that allegations in a complaint are not evidence.  The parties' arguments as to the possible admissibility of these allegations under the Federal Rules of Evidence appears premature, and it is not entirely clear at this juncture what will or will not be relevant to the proof of Plaintiffs' claims.

without prejudice, and Count X of Plaintiffs' Complaint is STRICKEN.

Defendants' request that Paragraph 26 of Plaintiffs' amended complaint be

stricken is MOOT.

Done this <u>18th</u> day of <u>September 2006</u>.

_____

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297